IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERIC LEE TOBER** | : | CASE NO. _1:18-cv-1847____ |
| 1248 TOWNSHIP ROAD 608 | : | |
| NOVA, OH  44859 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **TRACY C. TOBER** | : | JUDGE_____ |
| 1248 TOWNSHIP ROAD 608 | : | |
| NOVA, OH  44859 | : | |
| | : | |
| **PLAINTIFFS,** | : | **PLAINTIFF'S COMPLAINT FOR** |
| VS. | : | **DECLARATORY RELIEF,** |
| | : | **INJUNCTIVE RELIEF AND** |
| **MEDINA COUNTY, OHIO** | : | **MONETARY DAMAGES** |
| **THROUGH COUNTY COMMISSIONERS** | : | |
| **ADAM FRIEDRICK,** | : | (PURSUANT TO 42 U.S.C. §1983, |
| **PATRICA G. GEISSMANN, and** | : | U.S.CONSTITUTION: |
| **WILLIAM F. HUTSON** | : | AMENDMENTS IV,V,IX,X,XIVand XV) |
| 144 NORTH BROADWAY ST. | : | |
| ROOM 201 | : | **AND JURY DEMAND REQUESTED** |
| MEDINA, OH  44256 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **MEDINA COUNTY JUVENILE** | : | |
| **DETENTION CENTER** | : | |
| **655 INDEPENDENCE DRIVE** | : | |
| MEDINA, OH  44256 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **JUDGE KEVIN W. DUNN,** | : | |
| **MEDINA COUNTY** | : | |
| **PROBATE/JUVENILE COURT** | : | |
| **AS MANAGER AND AS** | : | |
| **COURT OF JURISDICTION FOR** | : | |
| **MEDINA COUNTY JUVENILE** | : | |
| **DETENTION CENTER** | : | |
| **93 PUBLIC SQUARE** | : | |
| MEDINA, OH  44256 | : | |
| | : | |

| | |
|---|---|
| **AND** | : |
| | : |
| **RONALD V. STOLLAR, INDIVIDUALLY** | : |
| **AND AS SUPERINTENDENT,** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH 44256** | : |
| | : |
| **AND** | : |
| | : |
| **MEGAN MILLIKIN, INDIVIDUALLY** | : |
| **AND AS ASSISTANT SUPERINTENDENT** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH 44256** | : |
| | : |
| **AND** | : |
| | : |
| **SERGEANT DEE ARNDT, INDIVIDUALLY** | : |
| **AND AS SERGEANT** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH 44256** | : |
| | : |
| **AND** | : |
| | : |
| **JACKIE MADDOX, INDIVIDUALLY** | : |
| **AND AS OFFICER** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH 44256** | : |
| | : |
| **AND** | : |
| | : |
| **SERGEANT MATTHEW RIEGLER,** | : |
| **INDIVIDUALLY AND AS SERGEANT** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH 44256** | : |
| | : |
| **AND** | : |

|  | : |
|---|---|
| **OFFICER SCOTT ZIMMERMAN,** | : |
| **INDIVIDUALLY AND AS OFFICER** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH  44256** | : |
|  | : |
| **AND** | : |
|  | : |
| **OFFICER RON STEWART,** | : |
| **INDIVIDUALLY AND AS OFFICER** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH  44256** | : |
|  | : |
| **AND** | : |
|  | : |
| **OFFICER BRIAN SEELEY,** | : |
| **INDIVIDUALLY AND AS OFFICER** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH  44256** | : |
|  | : |
| **AND** | : |
|  | : |
| **OFFICER JOHN DELGADO,** | : |
| **INDIVIDUALLY AND AS OFFICER** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH  44256** | : |
|  | : |
| **AND** | : |
|  | : |
| **JANE DOE(S), INDIVIDUALLY** | : |
| **AND AS OFFICER(S) OR AGENT(S) OF** | : |
| **MEDINA COUNTY JUVENILE** | : |
| **DETENTION CENTER** | : |
| **655 INDEPENDENCE DRIVE** | : |
| **MEDINA, OH  44256** | : |
|  | : |
| **AND** | : |
|  | : |

| | |
|---|---|
| **JOHN DOE(S), INDIVIDUALLY** | **:** |
| **AND AS OFFICER(S) OR AGENT(S) OF** | **:** |
| **MEDINA COUNTY JUVENILE** | **:** |
| **DETENTION CENTER** | **:** |
| **655 INDEPENDENCE DRIVE** | **:** |
| **MEDINA, OH  44256** | **:** |
| | **:** |
| **DEFENDANTS.** | **:** |

## I.  INTRODUCTION

1. Plaintiff Deric Tober is an eighteen (18) year old African American youth who was confined to the Medina County Juvenile Detention Center (MCJDC), while a Juvenile, from on or about August 17, 2017 through on or about November 22, 2017 and, again from on or about November 26, 2017 through approximately January 4, 2018.

2. While detained as a Juvenile, Plaintiff Deric Tober was subjected to the use of chemical agents as punishment (Exhibit A attached and incorporated herein).

3. While detained as a Juvenile, Plaintiff Deric Tober was subjected to the use of mechanical restraint as punishment.

4. While detained as a Juvenile, Plaintiff Deric Tober was denied showers, hygiene and Christmas visitation with his family.

5. While detained as a Juvenile, Plaintiff Deric Tober was subjected to a decontamination procedure for chemical agents that mimics waterboarding.

6. While detained as a Juvenile, Plaintiff Deric Tober was subjected to abusive and excessive use of silence and seclusion to the point of mimicking solitary confinement.

7. While detained as a Juvenile, Plaintiff Deric Tober was subjected to denial of necessary medical and/or mental health care; including not returning Plaintiff to the Emergency Room per discharge instructions with escalating symptoms following tentative release on or about December 20, 2017.

8. While detained as a Juvenile, Plaintiff Deric Tober suffered from untreated and unmedicated Schizoaffective Disorder, depression, and other mental and physical addiction issues.

9. These violations against Plaintiffs reveal wanton, reckless and deliberate indifference to the safety and well being of Plaintiff Deric Tober by an undertrained and uncaring administration and staff.

10. Defendants are responsible for the care and safety of juveniles in Defendants' "maximum" security facility, which houses juveniles using a single behavior model without regard for the severity of the allegations against the juvenile, intellectual abilities to understand nor ability to immediately conform to a military-precision environment, precipitating mental health issues for Plaintiff Deric Tober and financial damage to Plaintiff Tracy Tober.

## II. JURISDICTION

11. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§1331,1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

12. This is a civil action pursuant to U.S.C. § 1983, violations of rights conferred by the U.S. Constitution, including but not limited to Plaintiffs' rights under the Fifth and Fourteenth Amendments, as well as the Ohio Constitution and the laws of the State of Ohio. Venue is proper in this division.

## III. PARTIES

13. Plaintiff Deric Lee Tober for all times pertinent herein was a resident of Medina County, State of Ohio and detained at Medina County Juvenile Detention Center. Plaintiff Deric Tober brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio.

14. Plaintiff Tracy C. Tober is the natural mother and was a single mother and the sole custodian of Plaintiff Deric Lee Tober and a resident of Medina County for all times pertinent herein. Plaintiff Tracy Tober joins her son, Deric Lee Tober, in this action as the individual solely charged by the

Medina County Court of Common Pleas with jurisdiction with the total costs of the alleged programming assessed against Juvenile Deric Lee Tober during his detention in the Medina County Juvenile Detention Center and for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio, counter to the Court's original order.

15.  Defendant Medina County is a unit of local government organized under the laws of the State of Ohio. Defendant Medina County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

16.  Defendant Medina County Juvenile Detention Center is a unit of local government organized under the laws of the State of Ohio. Defendant Medina County Juvenile Detention Center is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

17.  Defendant Judge Kevin W. Dunn is and was at all times relevant to this action the Judge responsible for the management and hiring of the Superintendent of the Medina County Juvenile Detention Center, which employees are paid as unclassified civil service, pursuant to R.C. 2151.13 as are other employees of the Court.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his official capacity.

18.  Defendant  Ronald V. Stollar was at all times relevant to this action Superintendent of the Medina County Juvenile Detention Center, directly responsible to and employed at the pleasure of Defendant Judge Kevin W. Dunn, Medina County Probate/Juvenile Court.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law with responsibility for the control, operation and general charge of the facility (R.C. 2152.42) . He is sued in his individual and official capacity.

19.  Defendant  Megan Millikin was at all times relevant to this action Assistant Superintendent of the Medina County Juvenile Detention Center.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  She is sued in her individual and official capacity.

20. Defendant Sergeant Dee Arndt was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued in her individual and official capacity.

21. Defendant Jackie Maddox was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued in her individual and official capacity.

22. Defendant Sergeant Matthew Riegler was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

23. Defendant Scott Zimmerman was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

24. Defendant Ron Stewart was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

25. Defendant Brian Seeley was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

26. Defendant John Delgado was at all times relevant to this action a Detention Officer (DO), employed in the Medina County Juvenile Detention Center. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

27. Defendant Jane Doe(s) was/were at all times relevant to this action a Detention Officer (DO) or acting as Agent of Medina County Juvenile Detention Center, employed by or on behalf of the Medina County Juvenile Detention Center. Defendant(s) is/are a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She/They is/are sued in her/their individual and official capacity.

28. Defendant John Doe(s) was/were at all times relevant to this action a Detention Officer (DO) or acting as Agent of Medina County Juvenile Detention Center, employed by or on behalf of the Medina County Juvenile Detention Center. Defendant(s) is/are a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He/They is/are sued in his/their individual and official capacity.

## IV.  ADDITIONAL FACTS

29. On or about August 17, 2017, Plaintiff Deric Tober was detained and placed in the possession of the Medina County Juvenile Detention Center on allegations of delinquency, based on unarmed burglary of an uninhabited home, at the time of the intrusion, ultimately requiring repayment of damages in an amount less than One Hundred Dollars ($100.).

30. Plaintiff Deric Tober tested positive for marijuana and was given a copy of a "rule" book for the Medina County Juvenile Detention Center.

31. Plaintiff Deric Tober was tested as to the content of the "rule" book, without regard to his intellectual his ability to actually comprehend that content, based on his intelligence, learning disabilities, level of substance abuse, or other mental, emotional or physical limitations.

32. Plaintiff Deric Tober began to accumulate multiple negative incident reports based on alleged infractions of the "rule" book almost immediately and continuously.

33. Each incident is based on multiple alleged violations of "rules" that are not specifically detailed within the "rule" book, but, require interpretation by juvenile detainees, which includes Plaintiff Deric Tober.

34. Each incident ends with a determination of penalty decided by the detention officer who determined the violations and ultimately approved by Defendants Assistant Superintendent and Superintendent.

35. Penalties meted out to Plaintiff, include, but are not limited to, removal of small pieces of paper symbolizing privileges, removal of active participation in large muscle activity; participation limitations placed on small group activity; denial of reading material; requirement to take any and all meals in solitude of cell; denial of "movie" time; requirement that school work be done in crayon, rather than using pencils; removal of toilet paper and mattress from cell; time in solitude; time in restraint chair; use of oleoresin capsicum (pepper) spray; or any combination thereof. Penalties are also cumulative, consecutive and may overlap.

36. Defendants wantonly, recklessly and with deliberate indifference to the safety and well being of Plaintiff Deric Tober, subjected Plaintiff Deric Tober, including but not limited to cumulative penalties, which put Plaintiff Deric Tober in solitude: unable to speak in his cell, unable to speak during large muscle time, unable to speak during small group activity, unable to have reading material (other than the Medina County Juvenile Detention Center's determination of "religious" books), unable to speak during the meals if and whne Plaintiff was allowed to eat in the company of other detainees.

37. Defendants are legally responsible, in whole or in part, for the operation of Medina County Juvenile Detention Center and for the protection, health, and safety of the youth detained at Medina County Juvenile Detention Center.

38. Defendants are responsible for the administration of juvenile justice within the Medina County Juvenile Detention Center.

39. Defendants have a duty to operate the Medina County Juvenile Detention Center in a manner consistent with state and federal law, such that its management and operation does not infringe upon state and federal law and protections applicable to juveniles detained within the Medina County Juvenile Detention Center.

40. Each of the Defendants had actual or constructive knowledge or should have had such knowledge of the conditions, policies and practices which led to the injuries of the Plaintiffs.

41. Defendants have, under color of state law, deprived Plaintiffs of rights, privileges and immunities secured by the United States Constitution, including but not limited to the Due Process Clause and right to be free from the excessive use of force of the Fifth Amendment, Eighth and as applied to the States through the Fourteenth Amendments and the right to be free from cruel and unusual punishment as well as the right to be protected from serious physical and emotional harm while in the custody and control of Medina County Juvenile Detention Center and employees.

### V.  CAUSE OF ACTION: COUNT 1
Violations of the Fifth and Fourteenth Amendments
(42 U.S.C. §1983 – Excessive Use of Force)

42. As described above, Defendants subjected Plaintiff Deric Tober to excessive force when Plaintiff Deric Tober was sprayed with O.C. spray on several occasions including; October 30, 2017 and between December 20-25, 2017.

43. Plaintiff was subjected to physical restraint in a restraint chair several times, including August 21, 2017 and August 22, 2017; handcuffed and kneed in the groin; and otherwise physically assaulted by MCJDC staff.

44. Any perceived need for the application of force in each such instance in which it was applied dissipated at the moment control was achieved and Plaintiff was restrained.  Nevertheless, Defendant then immobilized Plaintiff in a restraint chair; confined him to his cell for hours at a time; required that he maintain silence for extended periods of time to the extent that it served as imposing solitary confinement on the Plaintiff for days and weeks, at a time.

45. Defendants wantonly, recklessly and with deliberate indifference to the safety and well being of Plaintiff Deric Tober, engaged in this injurious conduct by applying force wantonly, maliciously and

sadistically for the very purpose of punishment and causing harm, rather than in a good faith effort to maintain or restore discipline, particularly in light of Plaintiff's physical and mental health issues and diagnoses.

46.  Defendants' excessive use of force caused physical pain and suffering, mental anguish, emotional distress, the deterioration of Plaintiff Deric Tober's mental health and an undue risk of serious injury, as well as increasing the financial liability to Plaintiff Tracy Tober, while seriously diminishing her ability to help her son.

47.  Defendants' refusal to protect children from harm, otherwise keep them physically safe and secure and free from unconstitutional practices like O.C. spray, restraints and prolonged confinement and/or silence violates the constitutional rights of the Plaintiffs, including under the Fifth and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C 1983.

48.  Defendants' policies, practices, acts and/or omissions placed Plaintiffs at an unreasonable risk of suffering and did cause serious mental health illness and worsening serious mental health illnesses, injuries and harm.

49.  Defendants knew that the use of oleoresin capsicum spray (pepper spray) and other imposed penalties created a substantial risk of harm to Plaintiffs and Defendants consciously disregarded that risk.

50.  As a direct and proximate result of Defendants' conduct, Plaintiffs suffered permanent injuries including but not limited to a severe and permanent psychological, and emotional distress and financial harm.

51.  The adults who were supposed to be protecting them were wantonly, recklessly, and/or purposefully putting Plaintiff Deric Tober at a substantial risk of harm.

### VI.  CAUSE OF ACTION:  COUNT II
Violations of the Fifth and Fourteenth Amendments
(42 U.S.C. § 1983 – Failure to Provide Adequate Mental Health Services)

52. The Fifth Amendment requires that all individuals who are detained by the State be afforded adequate medical care, including mental health care, during their detention. This right is enforced against the States through the Fourteenth Amendment.

53. As described above, Defendants failed to provide necessary care and treatment, as well as follow-up treatment for escalating behaviors, which required follow-up treatment for Plaintiff's known and well-known mental health conditions, diagnosed as concussion, conduct disorder, suicide ideology, PTSD and depression.

54. In particular, Defendants denied Plaintiff the necessary medical and psychological care required to treat an individual engaged in self-destructive, self-mutilation, as well as escalating aggression.

55. By failing to provide Plaintiff with appropriate mental health care and treatment, Defendants failed to exercise appropriate professional judgment and/or exercise decision –making that is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the Defendants do not actually base decision-making on such judgment, practice or standards.

56. Defendants' failure to adequately treat Plaintiff's mental health needs has caused, and continues to cause, physical pain and suffering, mental anguish, emotional distress, and resulted in the serious deterioration of Plaintiff's mental health.

57. Defendants policies, practices, acts and/or omissions constitute a failure to exercise professional judgment and/or a substantial departure from accepted professional judgment, practice, or standards as to the appropriate treatment of the mental health needs of Defendant Deric Tober while residing at the Medina County Juvenile Detention Center which violate the Fifth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

58. Defendants policies, practices, acts and/or omissions have placed Plaintiffs at an unreasonable risk of suffering new or worsening serious mental health illnesses, injuries and financial harm.

## VII.  CAUSE OF ACTION:  COUNT III
Violations of the Fifth and Fourteenth Amendments
(42 U.S.C. § 1983 – Discrimination on the Basis of Race)

59.  Plaintiff enjoys a Fourteenth Amendment right to equal protection under the laws, including the right to be free from discrimination on the basis of his race.

60.  Plaintiff, an African-American youth, has been treated differently that Caucasian youth detained at the facility with whom he is otherwise similarly situated.

61.  Defendants' behavior toward Plaintiffs, including escalating incident reports listing numerous multiple alleged infractions for the same behavior, as well as running disciplinary actions concurrently, such that Plaintiff  Deric Tober was almost continuously subjected to silence, denied interaction and/or denied mental stimulation, such as reading material, which amounts to solitary confinement, as well as dehumanization through withholding personal hygiene, the use of "pepper spray" and mechanical restraints for punishment, as well as charging approximately Four Thousand Dollars ($4,000) for alleged programming, all in contravention of Plaintiffs' constitutional rights and the laws of the State of Ohio.

62.  Defendants' behaviors toward Plaintiffs demonstrate that such unequal treatment is the result of intentional or purposeful discrimination; including demanding payment for alleged programming provided to Plaintiffs in the amount of almost Four Thousand Dollars ($4,000.).

63.  There is no legitimate penological interest or rational basis for subjecting Plaintiffs to unequal treatment on the basis of race.

64.  Due to Defendants arbitrary and irrational discrimination against Plaintiffs on the basis of race, Defendants have denied Plaintiffs' right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

## VIII.  CAUSE OF ACTION:  COUNT IV
Intentional Infliction of Emotional Distress

65.  Defendants' misconduct as alleged herein demonstrates an outrageous indifference and abuse of power and authority.

66.  Defendants' misconduct was done with intent or knowledge that there was a high probability that such conduct would lead to the infliction of severe emotional distress and was done with reckless disregard of that probability.

67.   Defendants' acts were so extreme and outrageous as to go beyond all possible bounds of decency and were utterly intolerable in a civilized community, especially in light of the fact Plaintiffs were within the exclusive custody and control of Medina County Juvenile Detention Center and its employees and were being harmed by the people who were supposed to protect them.

68. Defendants' acts were the proximate cause of Plaintiffs' injuries which resulted in suffering distress that no reasonable person could be expected to endure.

69.  All of this misconduct described was done willfully, wantonly, recklessly and or maliciously with deliberate indifference for Plaintiff Deric Tober's safety and well-being.

70.  Defendants' actions and conduct are the proximate cause of Plaintiffs' severe and permanent physical, psychological,  emotional and financial harm.

## IX. CAUSE OF ACTION:  COUNT 5
Negligent Hiring, Retention, and Supervision

71.  An employment relationship exists between Defendant Medina County, Defendant Medina County Juvenile Detention Center, Defendant Judge Kevin W. Dunn and Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s).

72.  At all times relevant, Defendant employees were incompetent, unsupervised, untrained and undisciplined for wanton, reckless behaviors and deliberate indifference.

73. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn had constructive knowledge of the incompetence of Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s).

74. The acts and omissions of Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s) were foreseeable by Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn and caused Plaintiffs' injuries.

75. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn were negligent in hiring, retaining, and supervising Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s) which was the proximate cause of the severe and permanent injuries suffered by Plaintiffs, mentally, physically and financially.

76. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn had a duty to supervise Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s).

77. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn had a duty to provide Plaintiffs and other juveniles housed in the Medina County Juvenile Detention Center with a safe environment.

78. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn failed to supervise Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s).

79. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn failed to keep Plaintiff Deric Tober safe.

80. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn failed to

take corrective action against Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s) who posed a threat of harm to Plaintiffs and other juveniles. Instead Medina County and Judge Dunn sat idly by and did nothing.

81. Political subdivision employees who engage in "acts or omissions with malicious purpose, in bad faith, or in a wanton or reckless manner" or with deliberate indifference are not immune from suit in Ohio. Ohio Rev. Code § 2744.03(A)(6)(b).

82. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn's conduct rose to a level beyond negligence.

83. Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn acted in a reckless or wanton manner, in bad faith, and/or with malicious purpose in failing to supervise Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley, Delgado, Jane Doe(s), and John Doe(s).

84. As a direct and proximate result of Defendants Medina County, Medina County Detention Center and Judge Kevin W. Dunn acting in a reckless or wanton manner, in bad faith, and/or with malicious purpose, Plaintiffs suffered severe and permanent physical, psychological, emotional and financial harm.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter the following judgment:

A. Award Plaintiffs compensatory damages in an amount to be shown at trial;

B. Award Plaintiffs punitive damages as appropriate against applicable Defendants in an amount to be shown at trial;

C. Award Plaintiffs reasonable attorney's fees, costs, and disbursements under 42 U.S.C. §1988;

D. Pre- and post-judgment interest;

E. Grant Plaintiffs such additional relief as the Court deems just and proper.

Respectfully submitted,

_/s/ Patricia F. Lowery, Esq. _____
Patricia F. Lowery, Esq. (0042561)
Attorney for Plaintiff
50 Gunnison Court
Medina, Ohio  44256
Telephone: (330) 725-2116
Cell phone: (678) 793-0686
Fax:  (330) 349-2016
Lowery.pat@gmail.com

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on issues so triable.

_/s/ Patricia F. Lowery, Esq. _____
Patricia F. Lowery, Esq. (0042561)
Attorney for Plaintiff

## CERTIFICATION OF SERVICE

I certify that on August 11, 2018, Plaintiffs Complaint for Declaratory Relief, Injunctive Relief and Money Damages was filed electronically, by and through counsel. Notice of this filing will be sent by operation of this Honorable Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by certified mail, return receipt requested with Summons and attachments as required by law, through the Clerk of this Court. Parties may access this filing through the Court's system.

Respectfully submitted,

_/s/ Patricia F. Lowery, Esq._____
Patricia F. Lowery, Esq. (0042561)
Attorney for Plaintiff