UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DERIC LEE TOBER, et al.,** | ) | CASE NO. 1:18CV1847 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| **MEDINA COUNTY, OHIO, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #12) of Defendant Judge Kevin W. Dunn to Dismiss. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff Deric Lee Tober was confined in the Medina County Juvenile Detention Center from August 17, 2017 through November 22, 2017 and again from November 26, 2017 through January 4, 2018. Deric and his mother, Tracy Tober, filed this lawsuit on August 11, 2018, alleging that Deric was subjected to harsh conditions of confinement, unfair and cruel punishment and abuse during his detention in the juvenile facility. The Complaint names as Defendants a number of Detention Officers and Sergeants, the Assistant

Superintendent, the Superintendent, the Medina Juvenile Detention Center, Probate/Juvenile Court Judge Kevin W. Dunn in his official capacity, and Medina County.

Plaintiffs bring the following causes of action: Count I - Excessive Force under 42 U.S.C. § 1983; Count II - Failure to Provide Adequate Mental Health Services under 42 U.S.C. § 1983; Count III - Race Discrimination under 42 U.S.C. § 1983; Count IV - Intentional Infliction of Emotional Distress; and Count V - Negligent Hiring, Retention and Supervision.

Defendant Dunn moves for dismissal of all of Plaintiffs' Claims under Fed.R.Civ.P. 12(b)(6).

## II. LAW AND ANALYSIS

### Standard of Review for Fed.R.Civ.P. 12(b)(6)

In deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

> Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Twombly*, 550 U.S. at 556.

### *Sui juris*

Plaintiffs have sued Defendant Dunn in his official capacity only. (ECF DKT #1 at ¶17). An official capacity suit is the same as a suit against the government entity itself, under both federal and state law. *See Lambert v. Clancy*, 125 Ohio St.3d 231 (2010) at syllabus 2; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, as a practical matter, Plaintiffs are asserting claims against Medina County Juvenile Court and/or the Medina County Juvenile Detention Center of which Plaintiffs claim Defendant Dunn is the administrative head.

The Ohio Supreme Court has held that, in the absence of statutory authority to the contrary, an Ohio court is not an entity that can sue or be sued. *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976). Moreover, the Sixth Circuit has held that " a county juvenile detention center is part of the juvenile court, which is an arm of the state." *Oswald v. Lucas Cnty. Juvenile Detention Ctr.*, 234 F.3d 1269, 2000 WL 1679507, at *2 (6th Cir. Oct. 30, 2000). If an entity cannot sue or be sued, neither can one of its departments or divisions. *See Jerry v. Lake Cnty., et al.*, No. 1:09CV2079, at 2 n.1 (N.D.Ohio July 31, 2010).

Thus, Plaintiffs' claims against Defendant Dunn fail because Medina County Juvenile Court and Defendant Medina County Juvenile Detention Center are not *sui juris*.

**Immunity**

States enjoy both sovereign immunity and immunity under the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 712-13 (1999). Unless expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

State officials who are sued in their official capacity for monetary damages are not considered "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 & n.10 (1989). A suit for monetary damages against an individual in his or her official capacity is deemed an action against the state and is barred by Eleventh Amendment immunity. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

Therefore, in addition to the failure of all of Plaintiffs' claims against Defendant Dunn

by the application of the *sui juris* analysis, any and all of Plaintiffs' federal law causes of action asserted against Defendant Dunn are equally defeated by Eleventh Amendment immunity.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #12) of Defendant Judge Kevin W. Dunn to Dismiss Plaintiffs' Complaint against him is granted pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

**IT IS SO ORDERED.**

**DATE:** 2/26/2019

s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**United States District Judge**