UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| DERIC LEE TOBER, et al., | ) | CASE NO. 1:18CV1847 |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MEDINA COUNTY, OHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

  This matter comes before the Court upon the Motion (ECF DKT #14) of the Medina County Defendants for Partial Judgment on the Pleadings. Defendants, Medina County, Ohio; Medina County Juvenile Detention Center; Ronald V. Stollar; Megan Millikin; Sergeant Dee Arndt; Jackie Maddox; Sergeant Matthew Riegler; Officer Scott Zimmerman; Officer Ron Stewart; Officer Brian Seeley; and Officer John Delgado ("Medina Defendants") seek judgment on the pleadings and dismissal with respect to certain of Plaintiffs' claims. For the following reasons, the Motion is granted in part only.

## I. FACTUAL BACKGROUND

Plaintiff Deric Lee Tober was confined in the Medina County Juvenile Detention Center from August 17, 2017 through November 22, 2017 and again from November 26, 2017 through January 4, 2018. Deric and his mother, Tracy Tober, filed this lawsuit on August 11, 2018, alleging that Deric was subjected to harsh conditions of confinement, unfair and cruel punishment and abuse during his detention in the juvenile facility. The Complaint names as Defendants a number of Detention Officers and Sergeants, the Assistant Superintendent, the Superintendent, the Medina Juvenile Detention Center, Probate/Juvenile Court Judge Kevin W. Dunn in his official capacity, and Medina County.

Plaintiffs bring the following causes of action: Count I - Excessive Force under 42 U.S.C. § 1983; Count II - Failure to Provide Adequate Mental Health Services under 42 U.S.C. § 1983; Count III - Race Discrimination under 42 U.S.C. § 1983; Count IV - Intentional Infliction of Emotional Distress; and Count V - Negligent Hiring, Retention and Supervision.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 12(c) Standard of Review**

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims

that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted). The pleading does not have to demonstrate probability; rather, "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, at *3 (N.D.Ohio Jun.10, 2016), citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

The court's decision "rests primarily upon the allegations of the complaint;" however, "exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original).

The court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). The complaint must state a plausible claim for relief. "Plausibility is a context-specific inquiry, and the allegations in the complaint must 'permit the court to infer more than the mere possibility of misconduct,' namely, that the pleader has 'show[n]' entitlement to relief." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

**Official capacity**

Plaintiffs have sued Medina County, which they identify as a "unit of local

government organized under the laws of the State of Ohio" and as a "person" under 42 U.S.C. § 1983. (ECF DKT #1 at ¶15). Plaintiffs have likewise sued and similarly identified the Medina County Juvenile Detention Center. (*Id*. at ¶16). Plaintiffs have also named Defendants Stollar, Millikin, Arndt, Maddox, Riegler, Zimmerman, Stewart, Seeley and Delgado in their individual and official capacity.

Official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166, citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, for example, a suit against a municipal employee in his official capacity is the equivalent of a suit against the public entity itself. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003).

Therefore, to the extent that the individual Defendants are employees of Medina County and since the County has been named and served with notice of the suit, Plaintiffs' claims against the individual Defendants in their official capacity are dismissed as duplicative of claims against Defendant Medina County.

*Sui juris*

The Ohio Supreme Court has held that, in the absence of statutory authority to the contrary, an Ohio court is not an entity that can sue or be sued. *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976). Moreover, the Sixth Circuit has held that " a county juvenile detention center is part of the juvenile court, which is an arm of

the state." *Oswald v. Lucas Cnty. Juvenile Detention Ctr.*, 234 F.3d 1269, 2000 WL 1679507, at *2 (6th Cir. Oct. 30, 2000). If an entity cannot sue or be sued, neither can one of its departments or divisions. *See Jerry v. Lake Cnty., et al.*, No. 1:09CV2079, at 2 n.1 (N.D.Ohio July 31, 2010). Thus, Plaintiffs' claims against the Medina County Juvenile Detention Center are dismissed as it is not *sui juris*.

**State law immunity**

The Medina Defendants argue that Defendant Medina County is entitled to immunity under R.C. § 2744.02 for the state law claims contained in Counts IV and V of Plaintiffs' Complaint.

Ohio courts have held that political subdivisions are immune under R.C. § 2744.02 from liability for intentional tort claims, such as the Intentional Infliction of Emotional Distress claims alleged in Count IV of Plaintiffs' Complaint. *Williams v. McFarland Properties, LLC*, 177 Ohio App.3d 490, 494 (2008). "There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress as alleged in this case." *Wilson v. Stark Cty. Dept. of Human Serv.*, 70 Ohio St.3d 450, 452 (1994).

Furthermore, there is no dispute that Medina County is a political subdivision and that the operation of a juvenile detention center is a governmental function pursuant to R.C. § 2744.01(C)(2)(o).

R.C. § 2744.02(A)(1) provides that " a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

A political subdivision may be liable, however, if one of the R.C. § 2744.02(B)(1-5) exceptions applies, involving (1) operation of a motor vehicle; (2) a proprietary function; (3) public roads; (4) building defects; or (5) where liability is expressly imposed. Upon review of the pleadings, the Court agrees with the Medina Defendants that none of these exceptions is implicated here.

If none of the statutory exceptions applies, then the Court's analysis must cease. Plaintiffs' claims in Counts IV and V are thus dismissed as against Defendant Medina County on the basis of § 2744 immunity.

**Individual Defendants and Count V**

The Medina Defendants assert that Plaintiffs' claims in Count V for Negligent Hiring, Retention and Supervision fail to state a claim and that the individual Defendants are entitled to immunity under § 2744.

The Medina Defendants contend that the allegations in Count V are merely conclusory and formulaic. In Count V, Plaintiffs recite that the employees of the Medina County Detention Center were "incompetent, untrained and undisciplined." (ECF DKT #1 at ¶72). The employees were unsupervised and failed in their duty to keep Deric Tober safe. (*Id*. at ¶¶78-79). Defendants allegedly acted "in a reckless or wanton manner, in bad faith, and/or with malicious purpose." (*See e.g., id.* at ¶84).

In addition, the Medina Defendants argue that R.C. § 2744.03(A)(6) provides the individual employees with immunity from liability. The Court notes that immunity is available *unless* the acts or omissions were manifestly outside the scope of the employment responsibilities or were with malicious purpose, in bad faith, or in a wanton or reckless

manner. R.C. § 2744.03(A)(6)(a) and (b). Plaintiffs' allegations at ¶81, *et seq*. state that Defendants are not entitled to immunity due to acts or omissions that were malicious, in bad faith, and/or wanton or reckless.

The Complaint could have been more artfully drafted and could have provided more detail. Yet, at this juncture, the Court need not find that Plaintiffs' claims to relief are probable, but only that they are plausible. Moreover, the Complaint can survive dismissal if there is "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Haber v. Rabin*, No. 1:16CV546, 2016 WL 3217869, *supra*, citing *Twombly*, 550 U.S. at 556.

Therefore, the Court rules that the Medina Defendants' Motion for Judgment on the Pleadings as to the Negligent Hiring, Retention and Supervision Claim (Count V) against individual Defendant employees is denied.

**Tracy Tober's claims**

The Medina Defendants contend that the Complaint fails to set forth any allegations for which Plaintiff Tracy Tober (Plaintiff Deric Tober's mother) can recover. Defendants make this argument for the first time in their Reply Brief (ECF DKT #23). Because the issue implicates standing, which is a key element of federal court jurisdiction, the Court will address it.

In Counts I, II and III of Plaintiffs' Complaint, there are claims under § 1983 for violation of Deric Tober's constitutional rights to be free from excessive force and race discrimination and to receive adequate mental health services. Defendants correctly point out that there are no allegations that Defendants engaged in any action related to or directed

towards Tracy Tober in violation of her constitutional rights.

The Sixth Circuit has held that "section 1983 provides a cause of action which is *personal* to the injured party." (emphasis in original). *Purnell v. Akron*, 925 F.2d 941, 948 n.6 (6th Cir. 1991). "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000).

Thus, the Court finds that the Medina Defendants are entitled to judgment as a matter of law on the claims alleged by Plaintiff Tracy Tober in Counts I, II and III.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #14) of the Medina County Defendants for Partial Judgment on the Pleadings is granted in part only.

**IT IS SO ORDERED.**

**DATE:** 2/27/2019

s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**United States District Judge**